UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BERTHA BATEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:16-cv-02377 |
| | ) | JUDGE CRENSHAW |
| METROPOLITAN GOVERNMENT | ) | |
| DEPARTMENT OF CODES, et al., | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Plaintiff Bertha Batey has filed a pro se complaint regarding the allegedly wrongful demolition of her house by an agency of the Metropolitan Government of Nashville and Davidson County. Before the court are the plaintiff's application to proceed in forma pauperis ("IFP") (Doc. No. 2), and her motion for an emergency restraining order. (Doc. No. 3.) Because it appears from the plaintiff's submission that she is unable to pay the filing fee, her IFP application (Doc. No. 2) is **GRANTED**.

Having granted Plaintiff leave to pursue this suit without prepaying the filing fee, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2). If an action is filed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555–57 (2007). See Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se

litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir.2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

The Court has reviewed the complaint and finds that it fails to state a claim for which relief can be granted. Plaintiff's first asserted cause of action is for perjury under 18 U.S.C. § 1621, but she does not allege any facts in her complaint that would constitute perjury. Moreover, § 1621 is a federal criminal statute for which there is no private cause of action to enforce. Hercutt v. Cross, No. 3:13-CV-162, 2013 WL 4052889, at *2 (S.D. Ohio Aug. 12, 2013), report and recommendation adopted, No. 3:13-CV-162, 2013 WL 4733996 (S.D. Ohio Sept. 3, 2013). Plaintiff also claims to proceed under the Equal Opportunity Clause of 41 C.F.R. § 60-1.4, which prohibits discrimination in government contracts, but she does not allege that she applied for or obtained any government contract in connection with the demolition of her house. She invokes Title VII of the Civil Rights Act of 1964 (Employment Discrimination Act) or Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), but does not state colorable claims under either, because she has not alleged any employment relationship or any sale, rental or financing of a dwelling. Plaintiff also purports to proceed under Title VI of the Civil Rights Act of 1964, which prohibits discrimination by programs receiving federal financial assistance, but she does not allege that Defendants receive such assistance. Even assuming that they do, Plaintiff has not alleged a single fact from which the Court could infer that Defendants discriminated against her on the basis

of any protected characteristic, or that they treated her any differently than any other similarly-situated person.

Plaintiff's only asserted cause of action that is even arguably colorable, therefore, is her bald reference to "Fourteenth Amendment," which the Court construes as a claim under 42 U.S.C. § 1983 that the demolition of her house violated her right to due process.[1] Even this claim fails, however, in part because Plaintiff's allegation that the demolition was "wrongful" is completely conclusory and unsupported by any facts. She has not alleged the reasons for or circumstances in which her house was demolished, whether or what type of predeprivation process the Defendants provided before demolition, or whether any postdeprivation remedies were available. See Millington Homes Investors Ltd. v. City of Millington, Tenn., 60 F.3d 828 (Table), 1995 WL 394143, at *5 (6th Cir. July 3, 1995) ("in situations in which predeprivation due process is not feasible, because swift action is required or because the injury is caused by random and unauthorized action by a state official, postdeprivation remedies are sufficient to due process"). She also has not alleged that the demolition was the result of an official governmental policy or custom, as necessary to make the local government liable under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 692 (1978).

Moreover, the statute of limitations that applies to § 1983 actions arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a); Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). Although the statute of limitations is an affirmative defense, district courts may apply it *sua sponte* on initial review where the defense is obvious from the face of the complaint. Jones v. Seabold, 11 F. App'x 486 (6th Cir. 2001) (affirming dismissal of time-barred complaints for failure

---

[1] No private right of action arises directly under the United States Constitution; rather a plaintiff "complaining of a constitutional violation must utilize 42 U.S.C. § 1983." Henderson v. Corr. Corp. of Am., 918 F.Supp. 204, 208 (E.D. Tenn. 1996) (quoting Azul -Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992)). Accordingly, Plaintiff does not have an independent cause of action arising solely from the Fourteenth Amendment.

to state a claim on initial screening); Widner v. Bracke, 229 F.3d 1155 (6th Cir. 2000) ("we conclude that the dismissal of this complaint for failure to state a claim pursuant to § 1915(e)(2)(B) should be affirmed, as it is apparent from the face of the complaint that it is barred by the statute of limitations"). Plaintiff has attached to her complaint documentation establishing that the house in question was demolished in 1999, and that she was aware of its destruction no later than May 10, 2013. (Doc. No. 1-3.) Given that Plaintiff has filed at least seven other federal lawsuits since 1999, not including the present complaint, there does not seem to have been any impediment to her bringing this claim many years ago. (See M.D. Tenn. Nos. 3:00-cv-01176, 3:01-cv-01520, 3:05-cv-00142, 3:05-cv-00996, 3:06-cv-00887, 3:08-cv-1185, 3:09-cv-01061). Accordingly, the Court cannot conceive of any set of facts that would render her complaint filed September 2, 2016, timely. Plaintiff's § 1983 claim is therefore barred by the one-year statute of limitations, regardless of whether it would otherwise state a claim for relief.

This action is therefore **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Plaintiff has also sought "an emergency restraining order to stop all adverse actions against plaintiff and the property located at 846 West Argyle Avenue." (Doc. No. 3, at 1–2.) The motion does not specify what adverse action has been threatened, but Plaintiff attaches a Metro Codes Department Notice dated July 13, 2016. (Doc. No. 3, at 4.) The notice states that the referenced property is in violation of a Metro code section that prohibits weeds in excess of 12 inches, and demands correction of the violation on or before August 18, 2016. (Id.) It announces that failure to correct the violation may result in prosecution and a fine of up to $50.00 for each offense and each day it continues. (Id.) Essentially, Plaintiff has been notified that she must cut her excessively

tall grass or face enforcement action. In addition to being mooted by the dismissal of her complaint, this motion does not satisfy any of the elements required to grant the extraordinary remedy of a temporary restraining order.[2] The motion (Doc. No. 3) is therefore **DENIED**.

Entry of this order shall constitute the judgment in this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Factors to consider in determining whether a Plaintiff is entitled to injunction are: (1) whether Plaintiff has a substantial likelihood of success on the merits; (2) whether Plaintiff will suffer irreparable injury absent an injunction; (3) whether the issuance of an injunction would cause harm to others; and (4) whether the public interest would be served by the issuance of an injunction. Abney v. Amgen, Inc., 443 F.3d 540, 546 (6th Cir. 2006).